IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHANNON A. LAYMON,                  *       C.A. No.
                                    *
                Plaintiff,          *
                                    *
    v.                              *
                                    *
LOBBY HOUSE, INC.,                  *
a Delaware corporation,             *       **TRIAL BY JURY DEMANDED**
                                    *
                Defendant.          *

## COMPLAINT

    1.    Plaintiff Shannon A. Laymon is a resident of the State of Delaware, residing at 926 Woodcrest Drive, Dover, Delaware 19904.

    2.    Defendant Lobby House, Inc., is a Delaware corporation whose registered agent for service of process is Richard L. Engle, 371 W. North Street, Dover, Delaware 19904.

    3.    Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act.

    4.    Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3).

    5.    This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

    6.    Plaintiff brings this action to redress the wrongs done to her by Defendant's discrimination against her on the basis of her sex and by Defendant's retaliation against her.

    7.    On or about April 5, 2006, Plaintiff timely submitted complaints of discrimination on the basis of sex and retaliation

to the Delaware Department of Labor and the Equal Employment Opportunity Commission.

8.    Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the Equal Employment Opportunity Commission.

9.    Plaintiff has timely filed this Complaint within 90 days of her receipt of a Notice of Right to Sue.

10.    Plaintiff is a female.

11.    Plaintiff began employment by Defendant at its Dover, Delaware location in or about September, 2005.

12.    At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

13.    During the period of her employment, Plaintiff was subjected to a hostile work environment by her employer. Specifically, Plaintiff suffered severe and repeated sexual harassment by her male managers, supervisors, and co-workers, who repeatedly harassed Plaintiff and other female employees through the use of sexually explicit and sexually offensive language and behavior.  These managers, supervisors, and co-workers included owner Ken Caudill, General Manager Rick Anibal, Assistant Manager Don Wilmont, and bartender Brian Ducette.

14.    When Plaintiff complained of the harassment to Anibal, he told her that if she did not like it, she could quit.

15.    Subsequently, Plaintiff contacted the Delaware Department of Labor regarding her employment discrimination claims.  After Plaintiff informed a co-worker that the Department

of Labor would be contacting him regarding her sexual harassment claims, Mr. Anibal called Plaintiff at her home on March 17, 2006, and informed her that she was terminated and that Defendant would make false statements regarding Plaintiff to the Delaware Department of Labor.

16.    Defendant and its agents also harassed and retaliated against Plaintiff due to a workers' compensation claim that she had filed against Defendant.

17.    The wrongful acts committed by Defendant and its agent, as stated hereinabove, were willful, wanton and committed in bad faith.

18.    As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I -- TITLE VII

19.    Plaintiff restates and incorporates by reference paragraphs 1 through 18 of this Complaint.

20.    Defendant, acting by and through its agents, discriminated against Plaintiff on the base of her sex by sexually harassing her and by subjecting her to a hostile work environment.

21.    Defendant, acting by and through its agents, retaliated against Plaintiff in response to her exercise of her protected rights by terminating her.

22.    As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including

but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

      (a)   Back pay, including interest;

      (b)   Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

      (c)   Punitive damages;

      (d)   Pre-judgment and post-judgment interest;

      (e)   Attorney's fees;

      (f)   Reinstatement or, in the alternative, front pay; and

      (g)   Any other relief that this Court deems just.

## COUNT II -- 19 DEL. C. §2365

23.   Plaintiff restates and hereby incorporates by reference paragraphs 1 through 22 hereinabove.

24.   The aforesaid improper actions of Defendant constituted retaliation and discrimination against Plaintiff for exercising her rights under the Delaware workers' compensation law in violation of 19 Del. C. §2365.

25.   As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

      (a)   Back pay, including interest;

(b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

(c) Punitive damages;

(d) Pre-judgment and post-judgment interest;

(e) Attorney's fees;

(f) Reinstatement or, in the alternative, front pay; and

(g) Any other relief that this Court deems just.

## COUNT III -- BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

26. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 25 hereinabove.

27. By its actions as described in this Complaint, Defendant has breached the covenant of good faith and fair dealing implied under Delaware law.

28. Defendant's actions in breaching the implied covenant of good faith and fair dealing were wilful and/or wanton.

29. As a direct result of the wrongful conduct of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) Back pay, including interest;

(b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental

anguish, loss of enjoyment of life, and all other non-pecuniary losses;

> (c)   Punitive damages;
>
> (d)   Pre-judgment and post-judgment interest;
>
> (e)   Attorney's fees;
>
> (f)   Reinstatement or, in the alternative, front pay;

and

> (g)   Any other relief that this Court deems just.

### COUNT IV -- SLANDER

30.   Plaintiff hereby restates and incorporates by reference paragraphs 1 through 29 hereinabove.

31.   Defendant's agents have made false oral statements regarding Plaintiff.

32.   Defendant's agents knew said statements to be false when they made them.

33.   Defendant's agents have published said statements in an improper manner and for an improper purpose.

34.   Defendant's agents have made said statements with actual malice.   Said statements of Defendant's agents have ascribed immoral conduct to Plaintiff and have maligned her in her trade, business, and profession, and Defendant's agents have made said statements with the intent so to malign Plaintiff.

35.   The defamatory oral statements of Defendant's agents regarding Plaintiff were intended to disgrace her, lower her standing and reputation in the community, malign her in her profession, and bring her into contempt and ridicule.

36.   The defamatory oral statements of Defendant's agents regarding Plaintiff constituted slander *per se.*

37.   As a direct result of the defamatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a)   Back pay, including interest;

(b)   Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

(c)   Punitive damages;

(d)   Pre-judgment and post-judgment interest;

(e)   Attorney's fees;

(f)   Reinstatement or, in the alternative, front pay; and

(g)   Any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE   19903
(302) 674-0140
Attorneys for Plaintiff

DATED: 3-1-07
NEP:pmw

🖎JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

Shannon A. Laymon

**DEFENDANTS**

Lobby House, Inc., a Delaware corporation

**(b)** County of Residence of First Listed Plaintiff _____Kent_____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Noel E. Primos, Esquire, Bar I.D. #3124
Schmittinger & Rodriguez, P.A.
414 S. State St., Dover, DE (302)674-0140

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 2000e et seq.

Brief description of cause:
Plaintiff seeks damages for discrimination based on sex and for retaliation.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  3-01-07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____