IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANNON A. LAYMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 07-129 |
| ) | |
| LOBBY HOUSE, INC., ) | JURY TRIAL DEMANDED |
| A Delaware corporation, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

1. Plaintiff Shannon A. Laymon is a resident of the State of Delaware, residing at 926 Woodcrest Drive, Dover, Delaware 19904.

    Answer: Admitted.

2. Defendant Lobby House, Inc. is a Delaware corporation whose registered agent for service of process is Richard L. Engle, 371 W. North Street, Dover, Delaware 19904.

    Answer: Admitted.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act.

    Answer: Admitted.

4. Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5 (f) (3).

    Answer: Admitted.

5. This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

Answer: Admitted.

6. Plaintiff brings this action to redress the wrongs done to her by Defendant's discrimination against her on the basis of her sex and by Defendant's retaliation against her.

   Answer: Denied.

7. On or about April 5, 2006, Plaintiff timely submitted complaints of discrimination on the basis of sex and retaliation to the Delaware Department of Labor and the Equal Employment Opportunity Commission.

   Answer: Admitted.

8. Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the Equal Employment Opportunity Commission.

   Answer: Admitted.

9. Plaintiff has timely filed this Complaint within 90 days of her receipt of a Notice of Right to Sue.

   Answer: Unknown and therefore denied.

10. Plaintiff is female.

    Answer: Admitted.

11. Plaintiff began employment by Defendant at its Dover, Delaware location in or about September, 2005.

Answer: Unknown and therefore denied.

12. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

Answer: Denied.

13. During the period of her employment, Plaintiff was subjected to a hostile work environment by her employer. Specifically, Plaintiff suffered severe and repeated sexual harassment by her male managers, supervisors, and co-workers, who repeatedly harassed Plaintiff and other femal4e employees through the use of sexually explicit and sexually offensive language and behavior. These managers, supervisors, and co-workers included owner Ken Caudill, General Manager Rick Anibal, Assistant Manager Don Wilmont, and bartender Brian Ducette.

Answer: Denied.

14. When Plaintiff complained of the harassment to Anibal, he told her that if she did not like it, she could quit.

Answer: Denied.

15. Subsequently, Plaintiff contacted the Delaware Department of Labor regarding her employment discrimination claims. After Plaintiff informed a co-worker that the Department of Labor would be contacting him regarding her sexual harassment claims, Mr. Anibal called Plaintiff at her home on March 17, 2006,

and informed her that she was terminated and that Defendant would make false statements regarding Plaintiff to the Delaware Department of Labor.

Answer: Denied.

16. Defendant and its agents also harassed and retaliated against Plaintiff due to a workers' compensation claim that she had filed against Defendant.

Answer: Denied.

17. The wrongful acts committed by Defendant and its agent as stated hereinabove, were willful, wanton and committed in bad faith.

Answer: Denied.

18. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

Answer: Denied.

## COUNT I – TITLE VII

19. Plaintiff restates and incorporates by reference paragraphs 1 through 18 of this Complaint.

Answer: Denied.

20. Defendant, acting by and through its agents, discriminated against Plaintiff on the base of her sex by sexually harassing her and by subjecting her to a hostile work environment.

   Answer: Denied.

21. Defendant, acting by and through its agents, retaliated against Plaintiff in response to her exercise of her protected rights by terminating her.

   Answer: Denied.

22. As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

   Answer: Denied.

## COUNT II – 19 DEL. C. §2365

23. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 22 hereinabove.

   Answer: Denied.

24. The aforesaid improper actions of Defendant constituted retaliation and discrimination against Plaintiff for exercising her rights under the Delaware workers' compensation law in violation of 19 Del. C. §2365.

   Answer: Denied.

25. As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

Answer: Denied.

## COUNT III – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

26. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 25 hereinabove.

Answer: Denied.

27. By its actions as described in this Complaint, Defendant has breached the covenant of good faith and fair dealing implied under Delaware law.

Answer: Denied.

28. Defendant's actions in breaching the implied covenant of good faith and fair dealing were willful and/or wanton.

Answer: Denied.

29. As a direct result of the wrongful conduct of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

Answer: Denied.

## COUNT IV -- SLANDER

30. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 29 hereinabove.

Answer: Denied.

31. Defendant's agents have made false oral statements regarding Plaintiff.

Answer: Denied.

32. Defendant's agents knew said statements to be false when they made them.

Answer: Denied.

33. Defendant's agents have published said statements in an improper manner and for and improper purpose.

Answer: Denied.

34. Defendant's agents have made said statements with actual malice. Said statements of Defendant's agents have ascribed immoral conduct to Plaintiff and have maligned her in her trade, business, and profession, and Defendant's agents have made said statements with the intent so to malign Plaintiff.

Answer: Denied.

35. The defamatory oral statements of Defendant's agents regarding Plaintiff were intended to disgrace her, lower her standing and reputation in the community, malign her in her profession, and bring her into contempt and ridicule.

Answer: Denied.

36. The defamatory oral statements of Defendant's agents regarding Plaintiff constituted slander *per se*.

Answer: Denied.

37. As a direct result of the defamatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation and lost wages.

Answer: Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs claims are barred in whole or in part by the applicable statute of limitations or filing periods.
2. Plaintiffs claims are barred to the extent they failed to exhaust administrative remedies and/or prerequisites to bringing suit under the statutes cited in the Complaint.
3. Plaintiffs claims are barred to the extent they failed to utilize company harassment policy reporting on complaint procedure.
4. Plaintiffs claims for monetary relief are barred or diminished to the extent they failed to mitigate damages.
5. All actions taken with respect to Plaintiff were taken in good faith and without discriminatory, harassing, or retaliatory motive.
6. Plaintiffs Complaint must be dismissed to the extent it fails to state a claim upon which relief can be granted.

## DEFENDANT'S COUNTERCLAIM
## SLANDER

1. Plaintiff has and continues to make false oral statements regarding Plaintiff.
2. Plaintiff knew said statements to be false when they made them.

3. Plaintiff has said statements in an improper manner and for an improper purpose.

4. Plaintiff has made statements with actual malice. Said statements of Plaintiff ascribed false information concerning Defendant and have maligned their business, and Plaintiff has made said statements with the intent so to malign Defendant.

5. The defamatory oral statements of Plaintiff were intended to damage and disgrace Defendant, lower Defendants standing and reputation in the community, malign and damage their business, and bring Defendant into contempt and ridicule.

6. The defamatory oral statements of Plaintiff constituted slander *per se.*

7. As a direct result of the defamatory conduct of Plaintiff, Defendant has suffered damages, including but not limited to, loss in business and prejudice to the corporation in its business or to deter others from dealing with it.

**YOUNG, MALMBERG & HOWARD, P.A.**

/s/ Ronald G. Poliquin
Ronald G. Poliquin
I.D. No. 4447
30 The Green
Dover, DE 19901
(302) 672-5600
*Attorney for Defendant*

Dated: April 16, 2007