Law Offices of
## YOUNG, MALMBERG & HOWARD, P.A.
Professional Association
30 The Green
Dover, Delaware 19901
www.youngmalmberg.com

Kenneth J. Young
Constantine F. Malmberg, III
Kevin M. Howard
Ronald G. Poliquin

Phone: (302) 672-5600
Fax: (302) 674-0549

August 3, 2007

**VIA EFILE**

The Honorable Mary Pat Thynge
U.S. District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

    **RE:**   **Shannon A. Laymon v. Lobby House, Inc.**
           **C.A. No. 07-129 MPT**
           **Dispute concerning Written Statement of Damages**
           **Requirement pursuant to D.Del. LR 9.4(b)**

Dear Judge Thynge:

    Pursuant to your Scheduling Order, this letter is defendant's letter outline of the discovery dispute between the two parties.

    The dispute is whether plaintiff has adequately responded to defendant's request for a written statement of damages as required by D.Del. LR 9.4(b)[1].

    On June 22, 2007, defendant requested a written statement of the amount of damages claimed within ten (10) days of the letter. Plaintiff's counsel responded on July 3, 2007 stating that Plaintiff is claiming unliquidated damages in the amount of

---

[1] RULE 9.4. Pleading Claim for Unliquidated Damages.
(a) Demand for damages. A pleading setting forth a claim for relief in the nature of unliquidated monetary damages shall state in the ad damnum clause a demand specifying the nature of the damages claimed, e.g., "compensatory," "punitive," or both, but shall not claim any specific sum. The statement of jurisdiction required by Fed. R.
9
Civ. P. 8(a)(1) shall set forth any minimum amount needed to invoke jurisdiction of the Court, but no other.
(b) Statement of damages. Within 10 days after service of a written request by another party, the party filing the pleading shall furnish the requesting party with a written statement of the amount of damages claimed. Unless required by Court order, such statement shall not be filed with the Court.

$500,000.00. The letter also noted that the amounts of damages that may actually be awarded to Plaintiff concerning claims pursuant to Title VII are limited by 42 U.S.C. §1981a(b)(3). The statement also did not include Plaintiff's claims for liquidated damages, attorney fees, and costs.

Defendant finds the statement deficient in that D.Del. LR 9.4(b) requires a written statement of damages, not simply liquidated damages. Here, the damages claimed are largely contractual in nature and therefore quantifiable. The plaintiff is claiming backpay, front pay, attorney fees, lost wages, and lost future earnings.

D.Del. LR 9.4(b) follows former Delaware Local Rule 2.6. The sole case found citing Local Rule 2.6 is Kellam Energy, Inc. v. Duncan, which indicates that the rule was intended to require a "rough estimate of damages" not simply an estimate for unliquidated damages (unless that's all the plaintiff is claiming). The Kellam Court states, Rule 2.6 of the Local Rules of Civil Procedure, District of Delaware, also allows for a rough estimate of damages (a claim for relief in the nature of unliquidated money damages need not state a specific sum). 1986 WL 15744 (D.Del.).

Plaintiff's position is that Rule 9.4(b) only addresses unliquidated damages. However, 9.4(b) is broadly written and encompasses all damages claimed by the plaintiff. It would make little sense for the rule to only encompass unliquidated damages since by their very definition, unliquidated damages are not exactly ascertained.

Thank you for your assistance.

Very truly yours,

/s/ Ronald G. Poliquin

Ronald G. Poliquin, Esquire
I.D. No. 4447
RGP/gss
cc:     The Lobby House
        Noel Primos, Esquire