LAW OFFICES

## SCHMITTINGER AND RODRIGUEZ, P.A.

414 SOUTH STATE STREET
POST OFFICE BOX 497
DOVER, DELAWARE 19901
TELEPHONE 302-674-0140
FAX 302-674-1830

NICHOLAS H. RODRIGUEZ
PAUL H. BOSWELL
JOHN J. SCHMITTINGER
DOUGLAS B. CATTS
WILLIAM D. FLETCHER, JR.
CRAIG T. ELIASSEN
WILLIAM W. PEPPER SR.
CRYSTAL L. CAREY*
SCOTT E. CHAMBERS*
FRED A. TOWNSEND III
NOEL E. PRIMOS
DAVID A. BOSWELL
WALT F. SCHMITTINGER
R. SCOTT KAPPES
JEFFREY J. CLARK
BETH B. MILLER
KYLE KEMMER
KATHRYN J. GARRISON
ERIN K. FITZGERALD
RYAN C. MEADOWS
B. BRIAN BRITTINGHAM

*ALSO ADMITTED IN MARYLAND

HAROLD SCHMITTINGER
OF COUNSEL

NEWARK OFFICE
CHRISTIANA EXECUTIVE CAMPUS
220 CONTINENTAL DRIVE, STE 203
NEWARK, DELAWARE 19713
TELEPHONE 302-894-1960
FAX 302-894-1965

REHOBOTH BEACH OFFICE
WACHOVIA BANK BUILDING
18489 COASTAL HIGHWAY, 2ND FLR
REHOBOTH BEACH, DELAWARE 19971
TELEPHONE 302-227-1400
FAX 302-645-1843

ODESSA OFFICE
ODESSA PROFESSIONAL PARK
POST OFFICE BOX 626
ODESSA, DELAWARE 19730
TELEPHONE 302-378-1697
FAX 302-378-1659

October 12, 2007

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
United States District Court
844 King Street
Wilmington, DE    19801

RE:  <u>Laymon v. Lobby House, Inc.</u>
     C.A. No. 07-129 MPT

Dear Judge Thynge:

This is Plaintiff's submission regarding the discovery dispute
that is to be heard by you on Wednesday, October 17, 2007, at 9:00
a.m.   Counsel are seeking the Court's guidance regarding two
discovery disputes, one regarding the production of certain
photographs, and the other regarding the identification of a
treating medical expert.

In July 2007, Defendants produced to Plaintiffs copies of two
photographs of Plaintiff taken at Defendant's place of business on
New Year's Eve 2005-2006.  On August 8, 2007, Plaintiff served a
request for production requesting additional photographs in the
possession of Defendant taken that evening.  In response to this
request, Defendant represented that it was not in possession of
additional photographs.  Subsequently, at a deposition taken on
August 30, Defendant's assistant manager testified that he was in
possession of approximately 18 additional photographs taken that
evening.   Later, in a telephone conversation, Mr. Poliquin
represented to me that Defendant would produce the additional
photographs.  After repeated requests, on October 1 Defendant
produced copies of three additional photographs.   When I
questioned Mr. Poliquin about this disparity, he said that he was
trying to obtain an explanation from his client.  Then, on October
10, Mr. Poliquin produced copies of 9 additional photographs and

October 12, 2007
Page 2

represented that "not all of the pictures may have been taken on New Year's Eve [2005-2006]" and that "[t]hese are all of the pictures within defendant's control." I accept Mr. Poliquin's representation that his client is telling him that it has produced all of the photographs. However, I wish to argue at trial that Defendant may have concealed or destroyed additional photographs, and I am seeking the Court's guidance on this issue.

Turning to the second issue regarding the medical expert, when Plaintiff was deposed by Defendant on August 3, 2007, Plaintiff was questioned about any treatment that she received as a result of Defendant's actions. Plaintiff testified that she received mental health counseling at a facility located on Walker Road in Dover, but she could not recall at that time the name of the counselor or the name of the facility. Our office believed that facility to be F.H. Everett & Associates, located at 1151 Walker Road, and we ordered Plaintiff's records. When we received the records from that facility, we were able to identify the counselor as Elizabeth Wallick, LCSW.

On September 21, 2007, I informed Mr. Poliquin of Ms. Wallick's identity and that we intended to call Ms. Wallick to testify at trial regarding her treatment of Plaintiff. In early October, we provided copies of Plaintiff's records from F.H. Everett to Defendants as part of Plaintiff's response to a request for production. I intend to have Ms. Wallick testify from her records regarding both her treatment and diagnosis of Plaintiff.

Mr. Poliquin has objected to Plaintiff's designation of Ms. Wallick on two grounds:

(1) the deadline for the identification of experts set forth in the scheduling order was September 14, 2007; and

(2) Plaintiff has not produced an expert report from Ms. Wallick.

I have represented to Mr. Poliquin that Plaintiff will agree to whatever period he feels is necessary for the identification of a rebuttal expert and for taking Ms. Wallick's deposition.

Discovery in this case is scheduled to end on November 30, 2007, and has not previously been extended. Trial is scheduled to begin on September 8, 2008. Plaintiff notes that Defendant has not identified any prejudice that would result to it if Plaintiff is allowed to designate Ms. Wallick as an expert. Plaintiff further notes that Ms. Wallick's testimony would not go to the issue of liability, but only to damages, and therefore there is no reason why expert discovery regarding this issue would need to be completed by the discovery deadline.

Plaintiff respectfully asks the Court that the expert disclosure

October 12, 2007
Page 3

deadline be extended to allow Plaintiff to identify Ms. Wallick as a medical expert so that she may testify regarding her treatment and diagnosis of Plaintiff.    In addition, since the medical records, while they discuss Plaintiff's harassment by Defendant, do not explicitly state a causal connection between Defendant's harassment of Plaintiff and any mental injuries, Plaintiff respectfully requests additional time so that we may obtain a brief report from Ms. Wallick.

Thank you for your attention to this matter.

Respectfully submitted,

NOEL E. PRIMOS

cc:   Ronald G. Poliquin, Esquire