# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANNON A. LAYMON, | * | C.A. No. 07-129-MPT |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| LOBBY HOUSE, INC., | * | |
| a Delaware Corporation, | * | |
| | * | |
| Defendant. | * | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

**YOUNG, MALMBERG & HOWARD, P.A.**

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire
I.D. No. 4447
30 The Green
Dover, DE 19901
(302) 672-5600
*Attorney for Defendant*

DATED: March 10, 2008

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES………………………………………………………..ii

NATURE AND STAGE OF PROCEEDINGS…………………………………………...1

SUMMARY OF ARGUMENT……………………………………………………...2

ARGUMENT………………………………………………………………….......3-5

I.   The plaintiff does not rebut defendant's legitimate nondiscriminatory reason for
     Plaintiff's termination……………………….................................................3-4

II.  The defendant cannot be held liable for any acts committed against Sarah
     Geesaman……………………………………………………………….…..4-5

CONCLUSION…………………………………………………….……………..6

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

CASES

<u>Board of Trustees of Keene State College v. Sweeney</u>. 439 U.S. 27
(1978)..............................................................................................3

<u>Fuentes v. Perskie</u>, 32 F.3d 759, 763 (3d Cir.1994) ...............................................3

<u>Jones v. City of Wilmington</u>. F.Supp. 2d, 2004 WL 15347778 D.Del.,
2004...................................................................................3

<u>Weston v. Pennsylvania</u>. 251 F.3d 420 (3d Cir. 2001)....................................5

## NATURE AND STAGE OF PROCEEDINGS

Shannon Laymon ("plaintiff") commenced this action on March 1, 2007. The action contains claims for sexual harassment, retaliation, breach of good faith and fair dealing, and slander. Defendant the Lobby House, Inc. ("defendant") answered the complaint on April 16, 2007. On January 31, 2008, the defendant filed this motion for summary judgment and accompanying opening brief in support thereof. This is defendant's reply brief.

## SUMMARY OF THE ARGUMENT

1. The plaintiff does not rebut defendant's legitimate nondiscriminatory reason for Plaintiff's termination.

2. The defendant cannot be held liable for any acts committed against Sarah Geesaman.

## ARGUMENT

### I. The plaintiff does not rebut defendant's legitimate nondiscriminatory reason for Plaintiff's termination

To rebut an employee's prima facie case of discrimination in an employment discrimination suit, the employer is only required to articulate some legitimate, nondiscriminatory reason for employee's termination, and is not required to prove absence of a discriminatory motive. <u>Board of Trustees of Keene State College v. Sweeney</u>. 439 U.S. 27 (1978). "The employer satisfies its burden of production by introducing evidence which, if taken true, would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision." <u>Fuentes v. Perskie,</u> 32 F.3d 759, 763 (3d Cir.1994) If the employer meets its "relatively light" burden by articulating a legitimate reason for the employment decision, the burden shifts back to the plaintiff to show "by a preponderance of the evidence" that the nondiscriminatory reason offered by the employer was a mere pretext for racial discrimination." <u>Jones v. City of Wilmington</u>. F.Supp. 2d, 2004 WL 15347778 D.Del., 2004.

Here, the plaintiff was terminated for the nondiscriminatory reason of customer complaints.  In defendant's opening brief, the defendant clearly stated, "The plaintiff was terminated because she was criticizing the Lobby House to employees and customers." (*Summary of Argument* VII) It is undisputed that on the very day when the plaintiff was terminated (March 17, 2006) more than five regular customers of the Lobby House jointly complained about the plaintiff's consistently bad attitude (Affidavit of James Satterfield and Affidavit of Robert A. Reed). The customers complained that the plaintiff constantly "bad mouthed" the Lobby House. If Laymon continued to work at the Lobby House on Friday nights, the customers would not return. Specifically, two disinterested customers signed affidavits verifying the defendant's legitimate, nondiscriminatory reason for plaintiff's termination. Just

3

prior to the incident, the plaintiff received a written warning because she had complained about the Lobby House to other employees. The general manager Rick Anibal specifically instructed the plaintiff to utilize the defendant's "open-door" policy if she had any complaints. Anibal told the plaintiff that he would not tolerate any more "bad-mouthing" of the company. In addition, other bartenders did not want to work with the plaintiff. On the very day that the customers complained, manager Rick Anibal called Laymon informing her that her services were no longer needed at the Lobby House.

The plaintiff fails to address defendant's legitimate, nondiscriminatory reason for employee's termination in their answering brief and therefore it should be deemed waived. Even if not waived, the plaintiff does not demonstrate that the nondiscriminatory reason offered by the employer was a mere pretext for sexual discrimination. In plaintiff's answering brief, she neither addresses defendant's legitimate, nondiscriminatory reason nor the legitimacy of the customer's affidavits concerning their complaints about the plaintiff.

Certainly, serious customer complaints qualify as a legitimate, nondiscriminatory reason for employee's termination. These longstanding customers declare that if they are served by the plaintiff any further than they will stop patronizing the Lobby House. The plaintiff does not challenge the veracity of the affidavits or even question that the complaints were made on March 17, 2006. Therefore, the plaintiff does not meet her burden of showing that the complaints were a pretext for any discriminatory conduct.

## II. The defendant cannot be held liable for any acts committed against Sarah Geesaman

To bring a successful claim for a sexually hostile work environment under Title VII, the employee must establish that: (1) she suffered intentional discrimination because of her sex; (2)

4

the discrimination was pervasive and regular; (3) and the discrimination detrimentally affected the employee; <u>Weston v. Pennsylvania</u>. 251 F.3d 420 (3d Cir. 2001).

The defendant can only be held liable for acts that involved the plaintiff. In plaintiff's answering brief, she relies on an affidavit by Sarah Geesaman which involves acts that did not affect Shannon Laymon. This Court should disregard any incidents that did not directly involve the plaintiff.

## CONCLUSION

The Court should grant defendant's motion for summary judgment as to plaintiff's claims for sexual discrimination, retaliation, breach of covenant of good faith and fair dealing, and slander.

Respectfully submitted,

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire
I.D. No. 4447
30 The Green
Dover, DE 19901
302-672-5600
*Attorney for Defendant*

Dated: March 10, 2008

6

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHANNON A. LAYMON,                  *        C.A. No. 07-129-MPT
                                    *
            Plaintiff,              *
                                    *
v.                                  *
                                    *
LOBBY HOUSE, INC.,                  *
a Delaware Corporation,             *
                                    *
            Defendant.              *
                                    *

### AFFIDAVIT OF ROBERT A. REED

The affiant, Robert A. Reed, hereby duly sworn, deposes and states as follows:

1.  I was a regular customer of the Lobby House on or around March 17, 2006.

2.  I was regularly served by Shannon Laymon who was a waitress at the Lobby House.

3.  I, along with several other individuals who regularly frequented the Lobby House complained to the Lobby House management about Shannon Laymon's performance.

4.  Specifically, we complained about Shannon Laymon's consistent bad attitude and her constant "bad-mouthing" of the Lobby House.

5.  We stated to the Lobby House's management that if Shannon Laymon continued to work during the Fridays we were there, then we would stop coming to the Lobby House.

6.  If called to testify, I could competently testify to the foregoing facts.

Robert A. Reed

1

STATE OF DELAWARE      :

                                    :ss

COUNTY OF KENT         :

SWORN TO AND SUBSCRIBED before me, a Notary Public on this 31st day of January, 2008.

_Gwen S. Stubbs_
Notary Public

GWEN S. STUBBS
NOTARY PUBLIC
STATE OF DELAWARE
COMMISSION EXPIRES 09/28/08

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANNON A. LAYMON, | * | C.A. No. 07-129-MPT |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| LOBBY HOUSE, INC., | * | |
| a Delaware Corporation, | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

### <u>AFFIDAVIT OF JAMES SATTERFIELD</u>

The affiant, James Satterfield, hereby duly sworn, deposes and states as follows:

1. I was a regular customer of the Lobby House on or around March 17, 2006.

2. I was regularly served by Shannon Laymon who was a waitress at the Lobby House.

3. I, along with several other individuals who regularly frequented the Lobby House complained to the Lobby House management about Shannon Laymon's performance.

4. Specifically, we complained about Shannon Laymon's consistent bad attitude and her constant "bad-mouthing" of the Lobby House.

5. We stated to the Lobby House's management that if Shannon Laymon continued to work during the Fridays we were there, then we would stop coming to the Lobby House.

6. If called to testify, I could competently testify to the foregoing facts.

James Satterfield

1

STATE OF DELAWARE    :
                      :ss
COUNTY OF KENT       :

SWORN TO AND SUBSCRIBED before me, a Notary Public on this 31st day of January, 2008.

_____
Notary Public

MARSHA R. WILSON
NOTARY PUBLIC
STATE OF DELAWARE
COMMISSION EXPIRES 02-14-2009

2