IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANNON A. LAYMON, | * | C.A. No. 07-129 MPT |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| LOBBY HOUSE, INC., | * | |
| a Delaware corporation, | * | |
| | * | |
| Defendant. | * | |

**PROPOSED PRETRIAL ORDER**

On Thursday, August 21, 2008, at 9:00 a.m., counsel for Plaintiff Shannon A. Laymon and counsel for Defendant Lobby House, Inc., will participate in a pretrial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.3 of this Court, and this Court's Scheduling Order.

**Plaintiff's Counsel:**

Noel E. Primos, Esquire

**Defendant's Counsel:**

Ronald G. Poliquin, Esquire

I.   **NATURE OF THE ACTION:**

This is an employment discrimination and retaliation action arising out of Plaintiff's employment by Defendant in 2005 and

2006, and Defendant's termination of Plaintiff's employment on March 17, 2006. On April 4, 2008, the Court granted in part and denied in part Defendant's Motion for Summary Judgment. Plaintiff's remaining claims against Defendant are a hostile environment sexual harassment claim under Title VII (42 U.S.C. §2000e, et seq), a retaliation claim under Title VII, and a pendent retaliation claim under 19 Del. C. §2365.

In addition, Defendant has a counter-claim of slander against the Plaintiff.

## II. JURISDICTION:

This Court has jurisdiction over Plaintiff's federal law claims pursuant to 42 U.S.C. §2000e-5(f)(3), and over Plaintiff's State law claims pursuant to 28 U.S.C. §1367.

## III. STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF;

1. Plaintiff Shannon Laymon ("Plaintiff") was employed by Defendant Lobby House, Inc. ("Defendant") from September 2005 until March 17, 2006.

2. Defendant terminated Plaintiff on March 17, 2006.

3. Plaintiff suffered a work-related injury in October 2005.

4. Plaintiff eventually hired an attorney to assist her in getting her medical bills paid in connection with the work-related injury.

5. General Manager Rick Anibal called Plaintiff and terminated her over the telephone on March 17, 2006.

6. Plaintiff's boyfriend was present at the Lobby House on the majority of nights Plaintiff was working. (Plaintiff's Responses to Defendant's First Set of Request of Admissions #2)

7. During Plaintiff's employment, Mary Anderson and the Plaintiff were friends. (Plaintiff's Responses to Defendant's First Set of Request of Admissions #7)

**IV. STATEMENTS OF THE ISSUES OF FACT THAT THE PARTIES CONTEND REMAIN TO BE LITIGATED.**

    **A.**    <u>Plaintiff's issues of fact</u>

1. At all times relevant to this matter, Ken Caudill, Rick Anibal, and Donald Wilmot were employees of Defendant and were acting as agents of Defendant.

2. During the period that he was employed by Defendant, Brian Doucette was acting as an agent of Defendant.

3. Plaintiff was promoted from waitress to bartender shortly after her hire due to her superior serving abilities.

4. Plaintiff did not often socialize at the Lobby House during her non-work hours or on her days off.

5. Plaintiff's work performance was excellent and was noted by co-workers and customers.

6. Plaintiff suffered a hostile work environment due to the harassing actions of owner Ken Caudill, manager Rick Anibal, assistant manager Don Wilmot, and bartender Brian Doucette. These included both statements and actions directed toward Plaintiff specifically, and statements and actions that occurred repeatedly and pervasively in the general work environment.

7. After Plaintiff suffered a work-related injury in October 2005, Defendant was not cooperative in assisting Plaintiff in obtaining payment for her medical bills. Eventually, Plaintiff was forced to retain an attorney to pursue payment for her medical bills.

8. When Defendant's agents discovered that Plaintiff had retained an attorney to pursue payment of her medical bills, they began to retaliate against Plaintiff.

9. After Plaintiff complained to manager Rick Anibal about the sexually hostile work environment, Anibal and Defendant's other agents began to retaliate against Plaintiff for this reason as well, including by cutting Plaintiff's hours.

10. On March 17, 2006, Plaintiff informed a former co-worker, Brian Doucette, that the Delaware Department of Labor would be contacting him regarding a sexual discrimination

investigation. Immediately thereafter, Anibal terminated Plaintiff in retaliation for her pursuit of her rights under the anti-discrimination laws and the workers' compensation laws.

B. **Defendant's issues of fact:**

1. The Plaintiff continually and voluntarily socialized at the Lobby House and with Lobby House employees throughout her employment.

2. The Plaintiff never reported any incidents of sexual harassment until March 3, 2006 when she only reported an "off-color" joke in response to receiving a reprimand by Rick Anibal for accusing the Defendant of taking money out of her paycheck to pay for her medical expenses.

3. The Plaintiff unreasonably failed to take advantage of the Defendant's "open-door" policy.

4. After reporting the sexual harassment, the Plaintiff never encountered any more incidents of harassment.

5. The Defendant was not aware that the Plaintiff filed a charge of discrimination with the Department of Labor at the time she was terminated.

6. The Plaintiff was terminated because she continually openly criticized the Lobby House to employees and customers.

7. The Plaintiff filed her complaint to the Delaware Department of Labor after she was terminated by the Defendant.

    8.    Plaintiff displayed her vertical hood "clit" piercing to coworkers Brian Ducette and Mary Anderson.

    9.    Plaintiff was fully compensated for her claims relating to her work related injury in October 2005 through Defendant's worker's compensation plan.

**V.    STATEMENTS OF THE ISSUES OF LAW THAT THE PARTIES CONTEND REMAIN TO BE LITIGATED:**

    A.    <u>Plaintiff's issues of law:</u>

Whether Defendant's slander counterclaim can be properly characterized as a slander per se claim.

    B.    <u>Defendant's issues of law:</u>

None.

**VI.    EXHIBITS:**

    A.    <u>Plaintiff's Exhibits:</u>

        1.    Verizon bill (excerpts);

        2.    Lobby House work/employment policies;

        3.    Police report re: Don Wilmot incident;

        4.    Don Wilmot MySpace excerpts;

        5.    W2 Forms - 2005;

        6.    W2 Forms - 2006;

        7.    W2 Forms - 2007;

        8.    Paystubs;

        9.    Time keeping records;

        10. Account statements - Dover Federal Credit Union (excerpts);

        11. Additional bank statements.

**B.** **Defendant's objections to Plaintiff's Exhibits:**

        3. Police report re: Don Wilmot incident; Defendant objects on the grounds that the document contains inadmissible hearsay and the incident qualifies as inadmissible character evidence prohibited by FRE 406. The police report should also be excluded because it contains inadmissible double hearsay. To the extent that a police report contains statements that are attributable to persons other than the reporting officer, such statements constitute inadmissible hearsay and are not covered by Rule 803(8)'s hearsay exemption. See McShain v. Cessna Aircraft Co., 563 F.2d 632, 636 (3rd Cir. 1977); see also U.S. v. Taylor, 462 F.3d 1023, 1026 (8th Cir. 2006) (finding a police report inadmissible that contained a recitation of the witnesses statements to police).Thus, police reports containing statements of others are regarded as "unreliable" because such reports "reflect the statements of third parties who have not duty to report and whose reliability cannot be tested." Krepps v. Gov't of the Virgin Islands, No. CRIM.A. 1999/0047, 2006 WL 1149216, *6 (D.V.I. April 13, 2006) (excluding a police report in part due to hearsay statements). In this case, the report purports to contain a statement of Donald Wilmot. This statement constitutes

inadmissible hearsay. In addition, the police report should be excluded because the reference to a hate crime would be highly prejudicial to Defendant, and this prejudice outweighs the probative value of the report under Rule 403 as the Plaintiff can obtain the evidence contained in the police report by other means.

    4.   Don Wilmot MySpace excerpts; Defendant objects to the evidence as inadmissible character evidence prohibited by FRE 406 and FRE 403. In addition, the excerpts include almost exclusively inadmissible hearsay evidence. The sole purpose of the document is to make employee Donald Wilmot look like a "bad" person.

Defendant reserves further objection to all of Plaintiff's exhibits until Defendant's counsel has had the opportunity to review and initial the exhibits.

    C.   **Defendant's Exhibits:**

        1.   (2)Pictures of Shannon Laymon at the Lobby House

        2.   12-23-05 Employee Written Warning

        3.   3-3-06 Employee Written Warning

        4.   Lobby House Payroll Register- All Day Pay Period Sheets from 8-18-005 thru 3-28-06.

        5.   2005 W-2 Wage and Tax Statement

        6.   6-14-06 The Lobby House Detail Report

        7.   8-16-06 Lobby House, Inc. Earnings Report

      8.    Server training manual

      9.    5-8-06 Mary Anderson Statement

      10.   Laymon Diary Entries

      11.   State of Delaware Industrial Accident Board Questionnaire signed by Shannon M. Laymon

      12.   Lobby House Health Insurance Claim Form referring to Shannon Laymon

      13.   Notes from Witness Contact between Andrea Stewart and Investigator Adams

      14.   Plaintiff's Responses to Defendant's First Request for Production of Documents Directed to Plaintiff

      15.   Plaintiff's Responses to Defendant's First Set of Interrogatories Directed to Plaintiff

      16.   Plaintiff's Responses to Defendant's First Set of Requests for Admissions

    D.    **Plaintiff's objections to Defendant's Exhibits:**

      2.    Plaintiff objects to this exhibit on the grounds of relevance and unfair prejudice (FRE 402, 403). Defendant does not contend that this disciplinary action for a dress code violation led to Plaintiff's termination.

      3.    Plaintiff objects to this exhibit on the basis that it was never shown to her during the period of her employment. The first occasion upon which Plaintiff ever viewed

this document was at her deposition on August 3, 2007, nearly 17 months following her termination.

6.  Plaintiff objects to this exhibit on the basis that the information reflected therein regarding Plaintiff's employment history is incomplete, *i.e.*, it reflects information for only a portion of the period when Plaintiff was employed.

7.  Plaintiff objects to this exhibit on the basis of relevance, and also because it reflects information for only a portion of the period when Plaintiff was employed.

8.  Plaintiff objects because it became apparent in discovery that portions of the employment policies being used during discovery were not in effect during some or all of the period that Plaintiff was employed.

9.  Plaintiff objects to the admission of this unsworn statement as an exhibit because it constitutes hearsay (FRE 802).

11. Plaintiff objects to the admission of this exhibit on the basis of relevance (FRE 402).

12. Plaintiff objects to this exhibit on the basis of relevance (FRE 402).

13. Plaintiff objects to the introduction of this exhibit on the basis of hearsay (FRE 802).

14. Plaintiff objects to this exhibit because it is not an appropriate trial exhibit.

15. Plaintiff objects to this exhibit because it is not an appropriate trial exhibit.

16. Plaintiff objects to this exhibit because it is not an appropriate trial exhibit.

Plaintiff reserves further objection to all of Defendant's exhibits until Plaintiff's counsel has had the opportunity to review and initial the exhibits.

**VII. WITNESSES:**

    A.    **Plaintiff's Witnesses:**

        1. Plaintiff.

        2. Sarah Geesaman.

        3. Rhianna Turner.

        4. Andrea Stewart.

        5. Mary Anderson.

        6. Pamela Laymon.

        7. Domer Laymon.

        8. Ashley Salaz.

        9. Bill Likens.

        10. Erica Courtney.

        11. Erika Anderson.

        12. Ryan Murphy.

        13. Donald Wilmot (as on cross);

        14. Richard Anibal (as on cross);

15. Ken Caudill (as on cross).

Plaintiff reserves the right to call any witnesses included in Defendant's Witness List.

**B.　Defendant's Witnesses:**

1.　Ken Claudill

2.　Rick Anibel

3.　Mary Anderson

4.　Amanda Potts

5.　D.C. Lavendear

6.　Donald Wilmot

7.　Kristina M. Sells

8.　Brian Ducette

9.　James Satterfield

10.　Allison Carroll

11.　Mike Limmer

12.　Andrea Stewart

13.　Robert A. Reed

13.　Carrey Andrus **(Plaintiff objects to this witness because not identified in discovery)**

14.　Shannon Laymon (on cross)

**VIII.　BRIEF STATEMENT OF WHAT PLAINTIFF EXPECTS TO PROVE IN SUPPORT OF HER CLAIM, INCLUDING DETAILS OF DAMAGES SOUGHT AS OF THIS DATE:**

Plaintiff expects to prove that Defendant violated her rights under Title VII of the Civil Rights Act by subjecting her to a hostile environment based upon sex and by retaliating against Plaintiff for complaining about the harassment and for pursuing her rights under the anti-discrimination laws. Plaintiff also expects to prove that Defendant violated her rights under a State statute, 19 Del. C. §2365, by retaliating against her for pursuing her rights under the workers' compensation statutes.

Plaintiff plans to elicit testimony from herself and other witnesses establishing that a hostile environment based upon sex existed in the workplace. Plaintiff will prove that (1) the discrimination was intentional and based upon gender; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person of the same sex in her position; and (5) there is *respondeat superior* liability. With respect to the retaliation, Plaintiff will show that (1) she engaged in a protected activity; (2) she suffered adverse employment actions, including termination; and (3) a causal link exists between the adverse employment actions and the exercise of the protected activity. Finally, Plaintiff will prove that Defendant retaliated against her because she pursued a claim under Delaware's workers' compensation statutes.

Plaintiff is seeking compensatory damages, including damages for mental and emotional pain and suffering, as well as punitive damages due to the wilful and wanton conduct of Defendant's top management employees, including Defendant's principal, Ken Caudill. Plaintiff will also seek lost wages, including back pay, that she suffered as a result of Defendant's actions: Plaintiff was unable to obtain steady, full-time employment until 2007. Finally, Plaintiff will seek attorney's fees and costs, as authorized pursuant to both Title VII and 19 Del. C. §2365.

## IX. STATEMENTS OF DEFENSE:

Defendant will demonstrate that Plaintiff was not subjected to a hostile environment based upon sex. The Plaintiff and the Plaintiff's friends continually and voluntarily socialized at the very hostile work environment that she complains about.

The Plaintiff was not retaliated against for complaining about the harassment and for pursuing her rights under the antidiscrimination laws. The Defendant terminated the Plaintiff for a legitimate business reason. Witnesses will testify that the Plaintiff continually and openly criticized the Lobby House to customers and co-workers.

In addition, the Defendant did not violate the Plaintiff's rights under a State statute, 19 Del. C. §2365, by retaliating against her for pursuing her rights under the workers'

compensation statutes. The evidence will demonstrate that the Plaintiff was fully compensated for her injuries by the Defendant's worker's compensation insurance.

The Plaintiff was not retaliated against because she engaged in a protected activity. As stated above, the Plaintiff was terminated for a legitimate business reason.

The Plaintiff should not be awarded compensatory damages, including damages for mental and emotional pain and suffering as the emotional distress she claims can be connected to a number of other factors.

The Plaintiff should not be awarded punitive damages because Defendant's conduct was neither wilful and wanton. Any claim by Plaintiff for lost wages, including back pay is mitigated as Plaintiff found similar employment immediately after her termination from Defendant. Defendant will seek attorney's fees and costs, as authorized pursuant to both Title VII.

**X.   STATEMENTS OF COUNTERCLAIMANTS OR CROSS-CLAIMANTS:**

The Defendant will prove that Plaintiff committed slander against the Lobby House. Plaintiff made false oral statements against the Defendant. Plaintiff knew said statements to be false when she made them. Plaintiff has said statements in an improper manner and for an improper purpose. The defamatory oral

statements of Plaintiff were intended to damage and disgrace the Defendant, lower the Defendant's standing and reputation in the community. The defamatory oral statements of Plaintiff constituted slander *per se.* As a direct result of the defamatory conduct of Plaintiff, Defendant has suffered damages, including but not limited to, loss in business and prejudice the Defendant in its business or to deter others from dealing with it.

XI.  **AMENDMENTS TO PLEADINGS:**

    A.  **Plaintiff:**

        None.

    B.  **Defendant:**

        None.

XI.  **CERTIFICATION OF GOOD FAITH SETTLEMENT NEGOTIATIONS:**

Plaintiff forwarded a written demand to Defendant on May 15, 2008, which Defendant rejected.

The Defendant forwarded a written offer of settlement on July 21st which the Plaintiff rejected.

XIII.  **OTHER MATTERS DEEMED APPROPRIATE BY THE PARTIES:**

    A.  **Plaintiff:**

Plaintiff submits the following *in limine* requests:

1.   Defendant is asserting a counterclaim against Plaintiff for slander. The apparent basis for this claim is alleged statements made by Plaintiff to customers, co-workers, and unidentified other persons regarding Defendant's sexual harassment and retaliation against her and Defendant's handling of her workers' compensation claim. Plaintiff requests that Defendant not be permitted to present evidence regarding this counterclaim because Defendant has produced no evidence in discovery, nor has Defendant identified any exhibits, regarding special damages resulting from the alleged slander. The alleged slander does not constitute slander per se, and Defendant must therefore present special damages in support of this claim.

2.   During Plaintiff's deposition on August 3, 2007, Plaintiff was questioned regarding whether she had ever used illegal drugs. She indicated that she had used marijuana in college, well prior to the events in question in this case. Plaintiff's prior use of marijuana is completely irrelevant and has no probative value. Any minimal probative value, if it existed, would be far outweighed by the danger of unfair prejudice if this evidence were brought out before the jury. Accordingly, any questioning of Plaintiff regarding prior illegal drug use should be prohibited pursuant to FRE 401 and 403.

**B.   Defendant**

Defendant submits the following *in limine* requests:

1. Plaintiff has submitted affidavits and other evidence alleging acts of harassment or a hostile work environment concerning other employees for which the Plaintiff was not present for nor affected by. Accordingly, any such incidents that did not involve the Plaintiff should be prohibited by FRE 404.

2. Plaintiff alludes to events involving Don Wilmot that took place after her employment with the Lobby House. Accordingly, any such incidents should be prohibited by FRE 404.

**XIV: THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST INJUSTICE.**

SCHMITTINGER & RODRIGUEZ, P.A.          YOUNG, MALMBERG & HOWARD, P.A.

BY: /s/ Noel E. Primos                  BY: /s/ Ronald G. Poliquin
    NOEL E. PRIMOS, ESQUIRE                 RONALD G. POLIQUIN, ESQ.
    Bar I.D. #3124                          Bar I.D. #4447
    414 S. State Street                     30 The Green
    P.O. Box 497                            Dover, DE    19901
    Dover, DE    19903                      (302) 672-5600
    (302) 674-0140                          Attorneys for Defendant
    Attorneys for Plaintiff

DATED: 8/8/08                           DATED: 8/8/08
NEP:pmw


SO ORDERED ON _____, 2008.


_____
THE HONORABLE MARY PAT THYNGE

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused copies of the following:

**PROPOSED PRETRIAL ORDER**

to be served upon:   RONALD G. POLIQUIN, ESQUIRE
                     Young, Malmberg & Howard, P.A.
                     30 The Green
                     Dover, DE 19901

by electronic filing on ___August 8___, 2008.

                             SCHMITTINGER & RODRIGUEZ, P.A.

                             BY: /s/ NOEL E. PRIMOS
                                   NOEL E. PRIMOS, ESQUIRE
                                   Bar I.D. #3124
                                   414 S. State Street
                                   P.O. Box 497
                                   Dover, DE   19903
                                   (302) 674-0140
                                   Attorneys for Defendants

DATED: 08/08/2008

NEP/wsm