IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANNON A. LAYMON, | * | C.A. No. 07-129 MPT |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| LOBBY HOUSE, INC., | * | |
| a Delaware corporation, | * | |
| | * | |
| Defendant. | * | |

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS**

| | |
|---|---|
| **SCHMITTINGER & RODRIGUEZ, P.A.** | **YOUNG, MALMBERG & HOWARD, P.A.** |
| **NOEL E. PRIMOS, ESQUIRE** | **RONALD G. POLIQUIN, ESQUIRE** |
| I.D. #3124 | I.D. #4447 |
| 414 State Street | 30 The Green |
| P.O. Box 497 | Dover, DE   19901 |
| Dover, DE 19903-0497 | |

**TABLE OF CONTENTS**

**PAGE**

| | |
|---|---|
| Duty of Jury . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| Evidence . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| Burden of Proof . . . . . . . . . . . . . . . . . . . . . | 3 |
| Summary of Applicable Law . . . . . . . . . . . . . . . | 3 |
| Conduct of the Jury . . . . . . . . . . . . . . . . . . . | 4 |
| Course of the Trial . . . . . . . . . . . . . . . . . . . | 5 |

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts as you find them to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and the documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence. They include:

1.  Statements, arguments, and questions by lawyers are not evidence.

2.  Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not

admissible under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, you should ignore the question or document in question. If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence. If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial, I will try to clarify this for you at that time.

3. You should not consider testimony and documents I have excluded and not admitted into evidence.

4. Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

**Burden of Proof**

This is a civil case. The plaintiff has the burden of proving his case by what is called the preponderance of the evidence. That means the plaintiff has to produce evidence which, when considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put plaintiff's and defendant's evidence on opposite sides of a scale, the evidence supporting plaintiff's claims would have to make the scales tip somewhat on his side. If plaintiff fails to meet this burden, your verdict must be for defendant.

Those of you who have sat in on criminal cases will have heard the term "proof beyond a reasonable doubt." That requirement does not apply to a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiff has met his burden of proof by a preponderance of the evidence in this case.

**Summary of Applicable Law**

In this case, plaintiff claims that she was subjected to sexual harassment when she was forced to endure a hostile work environment based upon sex. Plaintiff also claims that the Defendant, her employer, retaliated against her when she complained about the harassment, and that the employer also

retaliated against her for pursuing her rights under Delaware's workers' compensation statute.

The defendants deny these allegations. Defendant contends that Plaintiff was not subjected to a hostile environment based upon sex. Defendant also contends that Plaintiff was not retaliated against for complaining about the harassment and for pursuing her rights under the anti-discrimination laws, and also that Plaintiff was not retaliated against for pursuing her rights under the workers' compensation statutes. According to Defendant, Plaintiff was terminated for continually and openly criticizing the Lobby House to customers and co-workers.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My Courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use -- they are not to be given or read to anyone else.

Incidentally, as you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. You should not assume that the transcripts of this testimony will be available for your review during your deliberations. I do not suggest that you look to your note taking as a substitute for that written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations.

**Course of the Trial**

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, the plaintiff will present his witnesses, and defendant may cross-examine them. Then the defendant will present his witnesses, and plaintiff may cross-examine them.

5

After that, I will give you instructions on the law and the attorneys will make their closing arguments to summarize and interpret the evidence for you.

You will then retire to deliberate on your verdict.

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused copies of the following:

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS**

to be served upon:

Ronald G. Poliquin, Esquire
Young Malmberg & Howard, P.A.
30 The Green
Dover, DE 19901

via electronic service on ~~July~~ *August 18*, 2008.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS
Bar I.D. # 3124
414 S. State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorney for Plaintiff