**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHANNON A. LAYMON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-129-MPT |
| | : | |
| LOBBY HOUSE, INC., | : | |
| a Delaware corporation, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**<u>MEMORANDUM ORDER</u>**

Plaintiff filed a motion for reasonable attorney's fees pursuant to 42 U.S.C. §
1988(b), 42 U.S.C. § 2000e-5(k) and Federal Rule of Civil Procedure 54, in which she is
demanding fees and costs for prosecution of her action which resulted in a favorable
jury verdict and for responding to defendant's post-trial motion for judgment as a matter
of law.  Defendant opposes the motion and contends that plaintiff's claim for fees is
excessive since she was not successful at trial on the issue of worker's compensation
discrimination and retaliation and the claim for slander was dismissed on summary
judgment.  Defendant also argues that the travel expenses for two witnesses are
excessive.  This memorandum order addresses plaintiff's motions.

**Background**

Plaintiff filed the instant matter on March 1, 2007 in which she alleged under
Count I that defendant violated her rights under Title VII of the Civil Rights Act of 1964
by subjecting her to a hostile work environment based on gender and by retaliating
against her.  Count II of plaintiff's complaint raised allegations of retaliation and

discrimination for exercising her rights under Delaware's worker's compensation law in violation of 19 *Del. C.* § 2365.  Count III asserted that defendant breached the implied covenant of good faith and fair dealing, while Court IV contended that defendant, through its agents, slandered her.  After discovery was completed, defendant filed a motion for summary judgment on all counts.  In her answering brief, plaintiff withdrew her claim under Count III.  The court granted defendant's motion on Count IV which resulted in the dismissal of her claim for slander.  The matter proceeded to trial on Counts I and II.

On September 12, 2008, following a four day trial and an additional half-day of deliberations, the jury returned a verdict in favor of plaintiff on Count I for compensatory damages in the amount of $500 for the hostile work environment claim and $1000 for the retaliation claim and $100,000 in punitive damages.[1]  The jury found in favor of defendant on the worker's compensation claim.  The verdict was docketed on September 15, 2008.

Plaintiff maintains that because of the jury verdict, she is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988(b) and 42 U.S.C. § 2000e-5(k).  Both statutes provide in relevant part that in discrimination actions, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."  Plaintiff is demanding attorney's fees for pretrial and trial work in the total amount of $57,992.50 which represents 185.6 hours by Noel E. Primos, plaintiff's

---

[1] Since the verdict, the court granted on May 1, 2009 defendant's motion for remittitur on the amount of punitive damages, and reduced the punitive damage award to $25,000.

2

attorney, at $300 per hour ($55,680.); 29.2 hours of paralegal time by W. Scott Masche

at an hourly rate of $75.00 ($2,190.); and 3.5 hours of work by her counsel's

investigators at the rate of $35.00 per hour ($122.50).  She also has petitioned for costs

in the following amounts:  witnesses' fees and travel expenses of $265.08 as allowed

under D.Del.LR54.1(b)(4); travel expenses for counsel in the amount of $430.00 for the

pretrial conference and trial; and, the filing fee of $350.00, for a total amount of

$1,045.08.  In her supplemental motion for attorney's fees, plaintiff requests an

additional $6,300[2] for counsel's time in responding to defendant's post-trial motion,

which includes legal research and preparation of an answering brief.

In opposing plaintiff's request for attorney's fees and costs, defendant does not

really argue that plaintiff is not entitled to any such expenses, or that the hourly rates for

counsel and his support staff are unreasonable.  Defendant proposes that because

plaintiff's action involved "meritless claims concerning breach of good faith and fair

dealing and slander" which were defeated on summary judgment and since the jury

rejected her worker's compensation claim, the fees and costs demanded should be

reduced to the extent that such claims are included in her calculations.[3]  In addition,

defendant posits that the amount of costs for travel and related expenses are

excessive.

---

[2] $300 per hour x 21 hours.

[3]Defendant does point out that its motion for judgment as a matter of law is outstanding:  however, as noted above, since the filing of the response to plaintiff's motion, the court has essentially denied defendant's motion on the substantive issues, except for remittitur of punitive damages.

3

**Attorney's Fees**

As noted previously herein, the right to reasonable attorney's fees is provided under 42 U.S.C. § 1988:  "in any action or proceeding to enforce a provision of . . . Title VII of the Civil Rights Act of 1964 . . . , the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs."  In order to qualify, a plaintiff must be designated as "prevailing party,"[4] a term which has been defined as any party who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."[5]

A key factor is that the plaintiff "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."[6]  This is usually accomplished through a judgment on the merits.[7]  Moreover, prevailing party status does not turn on the magnitude of the relief obtained.[8]  However, satisfaction of the requirements to be a prevailing party only makes one eligible for attorney's fees and costs:  it does not entitle a party to such expenses.

In *Farrar*, a one-dollar damage verdict was sufficient to confer prevailing party status on the plaintiff.[9]  Because the recovery was nominal, the Court determined that

---

[4] *Farrar v. Hobby*, 506 U.S. 103, 109 (1992).

[5] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978) (overruled on other grounds).

[6] *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989).

[7] *Farrar*, 506 U.S. at 111 ("The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." (internal citations omitted)).

[8] *Id.* at 114.

[9] *Id.* at 115-16.

attorney's fees should not be award.[10]  Since a one-dollar award in *Farrar* was sufficient

to qualify the plaintiff as a prevailing party, the jury verdict in the present matter suffices.

The "'most critical factor' in determining the reasonableness of a fee award 'is

the degree of success obtained.'"[11]  Justice O'Connor, in an influential concurring

opinion in *Farrar*, outlined the three factors to gauge the level of success:  "the

difference between the amount recovered and the damages sought[;]" "the significance

of the legal issue on which the plaintiff claims to have prevailed[;]" and, "the public

purpose served" by the litigation.[12]  Defendant does not dispute that all of those factors

were met by plaintiff.  Further, the court finds that the final recovery of compensatory

and punitive damages is not *de minimus*; that plaintiff prevailed on important legal

issues, which involved significant legal rights; and, that the resolution of constitutional

rights renders an important public purpose beyond plaintiff's own rights.[13]  Therefore,

plaintiff is entitled to reasonable attorney's fees and costs.

**Calculation of the Lodestar**

Determining the reasonableness of counsel fees begins with the calculation of

the lodestar amount which is equivalent to the appropriate hourly rate multiplied by the

reasonable amount of hours expended.[14]  The reasonable rate is a factual question

---

[10] *Id.*

[11] *Id.* at 114 (quoting *Hensley*, 461 U.S. at 436).

[12] *Id.* at 121-22 (O'Connor, J. concurring).

[13] *Petrunich v. Sun Building Systems, Inc.*, No.3:CV-04-2234, 2008 WL 974574, at *7 (M.D. Pa. Apr. 7, 2008) ("A case accomplishes a public purpose when it vindicates the rights of others, creates new precedent, deters future deprivations, and/or provokes a change in the defendant's behavior.").

[14] *Hensley*, 461 U.S. at 433.

determined by the evidence in the record,[15] and subject to a "calculation according to prevailing market rates in the community."[16]  The plaintiff has the burden of establishing the reasonable market rate:  evidence of the attorney's rate alone is not sufficient.[17] The defendant may rebut the plaintiff's prima facie case "only with appropriate record evidence."[18]  If the defendant fails to provide evidence which contests the plaintiff's record, then attorney's fees must be awarded at the plaintiff's requested rate.[19]  In the instant matter, defendant does not contest the reasonableness of the requested rates of plaintiff's counsel or his support staff, including the paralegal rate.  Further, in support of the various hourly rates, plaintiff submitted the affidavits of two local counsel, Barbara H. Stratton, Esq. and David H. Williams, Esq.  Their affidavits confirm that the hourly rates requested are reasonable and commensurate with local practitioners of Mr. Primos' experience, skill and ability.  Further, Mr. Primos submitted his affidavit which outlines his education and extensive experience in employment discrimination matters, in particular Title VII cases, and confirms the time entries of himself and those who assisted him in prosecuting this matter.  Therefore, the hourly rates are not disputed and are consistent with those practicing in the community in the same area of law.

Once the reasonable rate is determined, the appropriate hours claimed for the work performed are calculated by thorough and specific documentation of those hours

---

[15] *Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. 1996)
[16] *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).
[17] *Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 225, n.2 (3d Cir. 1997).
[18] *Washington*, 89 F.3d at 1036.
[19] *Id.* at 1036.

and the activities performed.[20]  Compensable activities may include such tasks as

"background research and reading complex cases, productive attorney discussions and

strategy sessions, negotiations, routine activities, such as, making telephone calls and

reading mail related to the case, monitoring and enforcing the favorable judgment, and

even preparing and litigating the request for attorney's fees."[21]  The court "may exclude

from the lodestar calculation hours spent by the prevailing party's counsel on claims

that were unrelated to the claims on which the prevailing party succeeded."[22]  Further,

the court "may also exclude hours not commensurate with the degree of success

obtained."[23]  Where only partial or limited success is achieved at trial, the lodestar may

be excessive.  Further, the party challenging the fee request may with "sufficient

specificity" through affidavit or brief, contest the reasonableness of that request.[24]

Defendant's limited response to plaintiff's motion for fees and costs provides the

court with no direction regarding which time entries defendant asserts are related to

those Counts that were dismissed or were rejected by the jury.  Defendant fails to

advise, for example, those portions of the depositions or other discovery which were

directed to such issues, the time involved for such discovery or the identity of

witnesses who were interviewed or deposed and who had knowledge or information

that primarily related to those topics.  Defendant does not dispute that the number of

---

[20] *Evans v. Port Authority*, 273 F.3d 346, 361 (3d Cir. 2001).
[21] *Posa v. City of East Orange*, No. 03-233, 2005 WL 2205786, at *4 (D.N.J. Sept. 8, 2005).
[22] *Burris v. Richards Paving, Inc.*, 472 F. Supp. 2d 615, 622 (citing *Hensley*, 461 U.S. at 434).
[23] *Id.* at 622.
[24] *Id.* (citing *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 715 (3d Cir. 1989)).

hours plaintiff's attorneys, paralegals, and investigators spent on the case were reasonable, except that time related to the dismissed claims.  It fails to present any argument refuting plaintiff's representation that all of her claims arose from a common core of facts regarding the harassment and retaliation to which she was subjected.  Although the jury did not return a verdict in plaintiff's favor on the worker's compensation retaliation claim, it is apparent from the facts in this matter and the timing of those facts that there was a strong relationship between the two retaliation claims.  Representation of plaintiff occurred over a two and a half year period, with counsel initially being retained in March 2006.  Discovery was substantial in this case, as evidenced from the number of witnesses called at trial, most, if not all of whom, had been previously deposed.[25]  Plaintiff successfully defended her primary federal and state claims against defendant's motion for summary judgment.

Therefore, the court finds that the hourly rates requested and the time required for plaintiff's counsel and his support staff to prosecute the instant matter to a favorable verdict are reasonable.

**Costs**

In response to plaintiff's request for costs found at paragraph 15 in her initial submission, defendant responded:

> Denied.  Plaintiff should not be able to collect excessive travel expenses of such witnesses.  The witness' [sic] purported travel expenses are extravagant ($80.92 for Likens and $64.16 for Geesaman).

From defendant's response, the court concludes that the only costs at issue are

---

[25] Seventeen witnesses were called at trial, predominately on behalf of the defense.

8

the travel expenses of Likens and Geesaman.  As noted previously herein, plaintiff's motion for costs includes the court filing fee, mileage and parking for plaintiff's counsel and a $40.00 witness fee for each of the witnesses.  Attached to plaintiff's submission is the mileage for Likens (who traveled from Felton to testify) of 114.4 miles round trip and Geesaman (who came from Dover) of 96 miles round trip.  Also included are receipts for their parking ($10.00 for Likens and $4.00 for Geesaman) and toll charges ($4.00 per witness).  Defendant does not suggest that the mileage each claims is extraordinary and the receipts prove the parking expenses incurred.  According to Map Quest™, the one way distance from the center of the town of Felton to 4th Street in Wilmington[26] is 61.94 miles[27] and from the center of Dover to 4th Street is 49.33 miles.[28] Therefore, both Likens and Geesaman's total mileage for their respective travel is reasonable and not excessive.  According to the General Services Administration, the government entity which establishes the mileage rates for the use of privately owned vehicles while on official business, reimbursement of $.585 per mile in September 2008 was authorized.  When that rate is multiplied with the mileage for each witness, their travel charges are appropriate.[29]

The additional costs are for the court filing fee of $350.00 and the travel expense of counsel in the amount of $430.00.  Travel expenditures by plaintiff's counsel may be

---

[26] The federal courthouse is a bit further north since it is located between 8th and 9th streets.

[27] To calculate the round trip distance would require doubling the mileage, which would be 123.88 miles.

[28] Round trip travel would equal 98.66 miles.

[29] Liken's mileage of 114.4 x $.585= $66.92 + $10.00 (parking) + $4.00 (tolls)= $80.92.  Geesaman's mileage of 96 x $.585= $56.16 + $4.00 (parking) + $4.00 (tolls)= 64.16.

taxed as costs.[30]

As a result, the court finds that the costs requested are not excessive and shall be allowed.

**Post-trial Attorney's Fees**

Plaintiff, in her supplemental motion, asks reimbursement for the attorney's fees incurred in responding to defendant's unsuccessful post-trial motion.  Previously herein, the court determined that counsel's hourly rate is reasonable.  In support of this motion, plaintiff includes her attorney's time record which confirms that 21.0 hours were expended for legal research, consultation with other counsel in the firm, preparation of the answering brief and preparation of the supplemental motion for fees.  Another affidavit of Mr. Primos is also submitted which confirms the additional time spent.  As a result, plaintiff demands an additional $6,300 for fees.  No opposition was filed to this motion.

This circuit recognizes that expenditures related to monitoring and enforcing a favorable judgment and preparing and pursing a request for fees are compensable expenses.[31]  Further, nothing suggests that the time expended by plaintiff's counsel in responding to defendant's post-trial motion and preparing a supplemental motion for fees is excessive or inappropriate.  Therefore, plaintiff's supplemental motion for fees is granted.

For the reasons contained herein,

---

[30] *Rank v. Balshy*, 590 F. Supp. 787, 804 (M.D. Pa. 1994).

[31] *Posa v. City of East Orange*, No. 03-233, 2005 WL 2205786, at *4 (D.N.J. Sept. 8, 2005).

IT IS ORDERED, ADJUDGED and DECREED that plaintiff's motion for attorney's fees and costs (D.I. 89) and her supplemental motion for attorney's fees and costs (D.I. 97) are GRANTED.  As a result, judgment is entered against defendant in the following amounts:  attorney's fees in the amount of $64,292.50, plus costs in the amount of  $1,045.08.

May 6, 2009                                          /s/ Mary Pat Thynge
                                                     UNITED STATES MAGISTRATE JUDGE